UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN LYNNE JARVIS-ORR,

       Plaintiff,                                      Hon. Janet T. Neff

v.                                                    Case No. 1:11 CV 1067

VAN BUREN COUNTY
HEALTH DEPARTMENT, et al.,

       Defendants.
                                     /

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (Dkt. #28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be **dismissed with prejudice** for failure to prosecute and failure to comply with the Court's Orders.

## BACKGROUND

Plaintiff initiated this action on October 5, 2011, against Van Buren County, the Van Buren County Health Department, Brian Lint, and George Friday. (Dkt. #1). Plaintiff asserts various claims resulting from action taken by Defendants to enforce the health standards applicable to the sewage disposal system being used at the trailer park which Plaintiff owned.

On June 28, 2013, Defendants filed a motion for summary judgment. (Dkt. #28). Plaintiff failed to respond to Defendants' motion and on October 23, 2013, the Court issued an Order to Show Cause directing Plaintiff "to show cause why Defendants' motion should not be granted and this case dismissed." (Dkt. #33). The Court also warned Plaintiff that "[i]n the event that Plaintiff fails

to respond, the Court will issue a Report and Recommendation that Plaintiff's action be dismissed for failure to prosecute." Plaintiff was given until November 5, 2013, to respond to the Order to Show Cause. As of the date of this Report and Recommendation, Plaintiff has failed to respond to the Court's Order to Show Cause or otherwise respond to Defendants' motion for summary judgment.

## **ANALYSIS**

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff "to prosecute or to comply with these rules or a court order" constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal under Rule 41(b) is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Schreiber v. Moe*, 320 Fed. Appx. 312, 317-18 (6th Cir., Nov. 5, 2008) (quoting *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999)).

Consideration of these factors leads the Court to recommend that this action be dismissed for failure to prosecute and failure to comply with the Court's Orders. Plaintiff has refused to respond

to Defendants' motion for summary judgment and has ignored this Court's Order to Show Cause. The Court finds that Plaintiff's conduct in this regard is willful. Moreover, Defendants' ability to defend against Plaintiff's claims is prejudiced by Plaintiff's willful refusal to prosecute this action. Finally, Plaintiff was warned that the Court would recommend dismissal of this action if she failed to respond to the Court's Order to Show Cause. Accordingly, the undersigned recommends that this action be dismissed with prejudice for failure to prosecute and failure to comply with the Court's Orders.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that this action be **dismissed with prejudice** for failure to prosecute and failure to comply with the Court's Orders.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 12, 2013          /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge